NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| OSCAR MARTINEZ AVALOS; CONSTANTINA DEL CARMEN RAMIREZ LIMO; JEAN PIERRE MARTINEZ RAMIREZ; OSCAR JEAN MARTINEZ RAMIREZ; KYA MARIA MARTINEZ RAMIREZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-4060 <br><br> Agency Nos. <br> A095-660-308 <br> A220-147-898 <br> A220-147-899 <br> A220-147-900 <br> A220-147-901 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oscar Martinez Avalos, his wife Constantina Del Carmen Ramirez Limo, and their three children are natives and citizens of Peru.[1] They petition for review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks omitted). We review factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under substantial evidence review, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (internal quotation marks omitted).

Substantial evidence supports the IJ's no-nexus finding, which is dispositive of Petitioners' asylum and withholding-of-removal claims. Both claims require a causal relationship, or nexus, between a persecutory harm and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017). As the IJ

---

[1] Although all five petitioners submitted their own applications, they are all based on the claims of Martinez Avalos. We therefore consider Martinez Avalos's claims dispositive of his family's.

found, Martinez Avalos offers no evidence that his status as a "Peruvian business owner"—his proposed particular social group—was a reason for his cousin's death or the subsequent death threats. The lack of any nexus defeats Martinez Avalos's asylum and withholding-of-removal claims. *See id.* at 360 (explaining that although withholding claims have a lower nexus standard than asylum claims, both are properly denied where there is "no nexus at all").

Substantial evidence also supports the denial of CAT protection. To qualify for relief under CAT, Martinez Avalos must show that, if removed, he would more likely than not be tortured with the consent or acquiescence of the Peruvian government. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). The risk of torture must be "*particularized* and *non-speculative*." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Martinez Avalos, however, does not allege that he has experienced torture. Although Martinez Avalos points to country conditions reports, "these reports do not demonstrate that [Martinez Avalos] *personally* will face torture if he returns." *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020). Moreover, as the IJ found, Martinez Avalos offers no specific reason that he could not relocate elsewhere in Peru to avoid any potential future harm. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (explaining that internal relocation, while not dispositive, is relevant).

**PETITION DENIED.**

23-4060